IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MONTE M. McCORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-708-L |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Monte McCord seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should affirm the SSA's decision.[1]

I.   BACKGROUND

Mr. McCord applied for insurance benefits and supplemental security income based on an alleged disability. Administrative Record at pp. 48-50 (certified Oct. 10, 2006) ("Rec."). The SSA denied the applications initially and on reconsideration. *Id.* at pp. 26-30, 32-33, 134-39. A hearing took place,[2] and an administrative law judge found that Mr. McCord was not disabled in light of his ability to perform work existing in the national

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (July 5, 2006).

[2]   *See* Rec. at pp. 140-63.

economy.[3] The Appeals Council declined jurisdiction,[4] and the present action followed. Mr. McCord alleges:

- a lack of substantial evidence to support the residual functional capacity ("RFC") assessment, and

- failure to order an x-ray.

II.   STANDARD OF REVIEW

The Court's review entails only a determination of whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). Evidence is substantial if it is greater than a scintilla. *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh the evidence or substitute its judgment for that of the SSA. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

III.   RFC ASSESSMENT

The administrative law judge opined that the Plaintiff could perform "no more than frequent handling with the right hand." Rec. at p. 17. According to Mr. McCord, this finding is not supported by substantial evidence. The Court should reject this allegation.

---

[3]   Rec. at pp. 15-20.

[4]   Rec. at pp. 5-7.

The medical evidence relating to Mr. McCord's right hand is limited to the findings of two physicians: Dr. Kumar Ennamuri and Dr. Debra Webb. In June 2003, Dr. Ennamuri assessed the Plaintiff as having "[d]ecreased right hand grip with decreased extension of the right wrist to 30 degrees." *Id.* at p. 108. In August 2003, Dr. Webb similarly found a "weak [right] grip with decreased sensory in . . . mid forearm to tip of fingers." *Id.* at p. 110.

The judge considered all of the evidence[5] and concluded that the Plaintiff could frequently handle objects with his right hand. *See supra* p. 2. This finding is supported by substantial evidence in the record. As the judge pointed out, Dr. Webb noted "adequate" "[f]inger to thumb opposition" and normal "[f]ine tactile manipulation of objects." Rec. at p. 110. According to Dr. Webb, Mr. McCord was capable of:

- effectively opposing his thumb to his finger,
- manipulating small objects, and
- effectively grasping tools such as a hammer.

*Id.*

As the administrative law judge acknowledged, another doctor found weakness in the grip. *See supra* p. 3. But the record as a whole did not require the judge to equate grip weakness with an inability to frequently handle objects. *See Tucker v. Barnhart*, 201 Fed. Appx. 617, 624 (10th Cir. Oct. 19, 2006) (unpublished op.) (holding that the administrative law judge had no duty to address restrictions on handling because "there [was] no substantial

---

5   *See* Rec. at p. 16.

evidence that [the claimant's] weak grip also involve[d] restrictions on fingering or handling").

## IV.  FAILURE TO ORDER AN X-RAY

The Plaintiff also contends in the reply brief that the administrative law judge should have ordered an x-ray.[6] The contention should be rejected.

An administrative law judge must fully and fairly develop the record on material issues. *See Hawkins v. Chater*, 113 F.3d 1162, 1168 (10th Cir. 1997). However, the SSA generally orders testing only when it is necessary for a disability determination. *See* 20 C.F.R. §§ 404.1519f, 416.919f (2005) ("We will purchase only the specific . . . tests we need to make a determination in your claim.").

In this case, Dr. Webb opined "[r]ight wrist tendonitis" and added a notation stating: "recommend x-ray." Rec. at p. 110. The Plaintiff does not explain how the x-ray would have affected the administrative law judge's determination. Instead, Mr. McCord appears to assume that the recommendation itself placed a duty on the administrative law judge to order the test. This assumption is invalid.

The Tenth Circuit Court of Appeals addressed this issue in *Henderson v. Chater*, 56 F.3d 77, 1995 WL 324496 (10th Cir. May 31, 1995) (unpublished op.). There a consulting physician had also suggested an x-ray. *See Henderson v. Chater*, 1995 WL 324496, Westlaw

---

[6]  In his opening brief, Mr. McCord simply noted that a doctor had suggested x-rays and that the record did not contain any x-rays for the right arm or hand.

op. at 2.  The SSA did not order the test, and the Tenth Circuit Court of Appeals held that the omission did not constitute error:

> [The consulting physician's] notation that "confirmatory studies should include an x-ray of the left hip" does not require the [administrative law judge] to order such an x-ray.  While the test could have confirmed [the consulting physician's] theory regarding plaintiff's hip degeneration, it would not have provided the evidence of functional limitation that plaintiff requires to prove a severe impairment.  Where an inquiry is unlikely to be fruitful in establishing a disability, the [administrative law judge] is under no obligation to make it.

*Id.* (citation omitted); *see also Scull v. Apfel*, 221 F.3d 1352, 2000 WL 1028250, Westlaw op. at 1 (10th Cir. July 26, 2000) (unpublished op.) (administrative law judge is under no duty to order x-rays unless there would be a material impact on the disability decision).

*Henderson v. Chater* is persuasive.  *See* Tenth Cir. R. 32.1(A).  Like the claimant in *Henderson*, Mr. McCord relies on a consulting physician's suggestion for an x-ray.  But in both cases, the claimant failed to suggest how the recommended test would have affected the administrative law judge's determination.  As a result, the *Henderson* court held that the administrative law judge did not err through a failure to order an x-ray.  The same reasoning applies here and should lead to rejection of the theory advanced in Mr. McCord's reply brief.

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should affirm the SSA's decision.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.  *See* 28 U.S.C. § 636(b)(1) (2000).  The deadline for objections is April 17, 2007.  *See* W.D. Okla. LCvR 72.1(a).  The failure to file timely

objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 28th day of March, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge